MICHAEL P. BARNES (MB 8963)
32 Washington Street, 2nd Floor
Tenafly, New Jersey 07670
(201) 541-8740
Attorney for Plaintiff

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 21  P 1: 02

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
───────────────────────────────X
SANDY ALMANZAR,

    Plaintiff,

  -against-

C&C METAL PRODUCTS, INC.,
HONEYWELL INTERNATIONAL INC., and
RACINE FEDERATED, INC., as Successor to
AVNET, INC.,

    Defendants.
───────────────────────────────X

COMPLAINT

Docket No. 07-4002 (JLL)

  Plaintiff, by his attorney, Michael P. Barnes, complaining of the defendants, alleges as follows:

### Preliminary Statement

1. This diversity action seeks money damages for serious bodily injury that occurred on April 10, 2006, as plaintiff was working with a zinc casting machine. Liability is alleged against plaintiff's employer on grounds of gross negligence amounting to intentional tort; liability is alleged against all other defendants as manufacturers, sellers, and/or service contractors of the defective machine and/or components thereof that caused plaintiff's injury, on grounds of negligence, strict product liability and breach of warranty.

## Parties, Jurisdiction and Venue

1. Plaintiff, SANDY ALMANZAR, is and at all relevant times was a domiciliary of the State of New York, residing at 358 Wadsworth Avenue, Apartment 24, New York, NY 10040.

2. On information and belief, defendant C&C METAL PRODUCTS, INC. ("C&C") is and at all relevant times was a New Jersey Corporation with a principal place of business at 465 Nordhoff Place, Englewood, New Jersey 07631.

3. On information and belief, defendant HONEYWELL INTERNATIONAL INC. ("Honeywell") is a Delaware corporation with a principal place of business at 101 Columbia Road, Morristown, New Jersey 07960.

4. On information and belief, defendant RACINE FEDERATED INC. ("Racine") is a Wisconsin corporation with a principal place of business at 2200 South Street, Racine, Wisconsin 53404. On information and belief, Racine, through its National Die Casting Division, is in the business of manufacturing and/or selling die casting machine tools and equipment in interstate commerce and has succeeded, through one or more purchase(s), merger(s), acquisition(s) and/or other transaction(s), to the liabilities of the Avnet Machinery division of Avnet, Inc., the manufacturer of the Avnet/DCMT machine that caused plaintiff's injury.

5. This Court has diversity jurisdiction under 28 U.S.C.A. § 1332 as there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue lies in this district pursuant to 28 U.S.C.A. 1391(a)(1) because a substantial part of the events or omissions giving rise to the claim occurred herein and pursuant to 28 U.S.C.A. § 1391(a)(3) because one or more of the defendants reside(s) within this district at the time of commencement of this action.

## Facts

7. On or about April 10, 2006, defendant C&C was the owner of premises located at 465 Nordhoff Place, Englewood, New Jersey and was in exclusive possession, management and maintenance of the premises and exercised general supervision, direction and control over the operation of the business at the premises.

8. On or about April 10, 2006, plaintiff was employed by C&C at the aforementioned premises as a machine operator engaged in the manufacture of various metal products.

9. On or about the April 10, 2006 plaintiff was working on an Avnet/DCMT Model H-35-E zinc casting machine (the "machine") that had a safety mechanism (the "limit switch") intended to prevent the machine from operating when the safety guard was open.

10. The machine in question was manufactured and/or sold by Avnet/DCMT, predecessor to defendant RACINE FEDERATED, INC.

11. The limit switch was manufactured and/or sold by the Micro Switch division ("Micro Switch") of defendant Honeywell. Micro Switch is a wholly owned and operated division of defendant Honeywell and has a place of business at 11 West Spring Street, Freeport, Illinois 61032.

3

12. On or about April 10, 2006, as plaintiff was attempting to service the machine, he opened the guard and inserted his left hand into the area which required attention. As he did so, a malfunction caused the machine to cycle. Plaintiff's left hand became caught in the machine and was severely injured.

13. On information and belief, the danger of such a malfunction and the attendant hazard were well known to defendant C&C based on, *inter alia*, prior similar occurrences involving the same and/or similar machine(s) and relevant violations issued to C&C by government agencies such as the federal Occupational Safety and Health Administration (OSHA). Knowing with substantial certainty that harm would result to an employee, C&C grossly failed to take reasonable measures necessary to prevent the recurrence of such an incident.

## FIRST CAUSE OF ACTION

14. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

15. C&C's conduct was grossly negligent and so egregious as to amount to intentional tort in, without limitation, the following respects:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to ensure that the machinery in which the manufacturing was being performed was so constructed, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to plaintiff in the course of his employment;

   c. in causing and/or permitting unsafe conditions to exist at the aforesaid premises which constituted a danger, nuisance and menace to the safety of

4

plaintiff;

d. in causing and/or permitting hazardous and dangerous conditions to exist in violation of law;

e. in failing to take the necessary steps and measures to protect the life and limbs of plaintiff in light of the history of the machine;

f. in causing plaintiff to work and to be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection from the machinery he was expected to work on to protect his safety and welfare;

g. in causing, allowing and permitting the use of operation of faulty and defective equipment and failing to properly supervise and inspect the same;

h. in employing agents and servants who were incompetent, unskillful and unable to train employees such as the plaintiff with regard to the usage of their machinery;

i. in permitting the operation of machinery and equipment in a faulty and dangerous manner and location without warning plaintiff and others thereof, although knowing that plaintiff and others were engaged in work on said machinery and equipment;

j. in failing to provide protection or protective devices to protect plaintiff or persons similarly situated;

k. in failing to construct, equip, place, guard, arrange and maintain the machinery and equipment at the premises so as to give proper protection to plaintiff and others so employed, all in reckless disregard and violation of

applicable law, statutes and ordinances, including but not limited to the New Jersey State labor laws and industrial code, and the federal regulations promulgated by the Occupational Safety and Health Administration.

16. As stated, C&C, through its agents and employees, knew that its foregoing actions and/or omissions were substantially certain to result in injury to employees. Moreover, the resulting injury and the circumstances of its infliction on the worker were more than a fact of life of industrial employment and so egregious as to be beyond anything the New Jersey legislature intended the Workers' Compensation Act to immunize.

17. The accident and injuries were caused by the wrongful conduct of C&C without any fault on the part of plaintiff contributing thereto.

18. As a proximate result of the defendant's gross negligence and/or intentional wrongdoing, plaintiff sustained severe, serious and permanent personal injuries, due to which he became sick, sore, lame and disabled; was injured internally and externally; was injured permanently about the left hand and other areas of his body and limbs; did suffer and will in the future suffer severe pain as a result thereof; was obliged to have medical aid, surgery and attention in an endeavor to help cure and alleviate his injuries; was required to pay therefor; has been and will in the future be unable to work and engage in his usual activities.

19. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits. **check need for pleading it this way**

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

21. The aforedescribed machine and component parts were defective in manufacture, which defect proximately resulted in the malfunction causing plaintiff's injuries.

22. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits.

24. Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, accordingly are strictly liable in tort to plaintiff for product liability.

### THIRD CAUSE OF ACTION

25. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

26. The aforedescribed machine and component parts were defective in design, which defect proximately resulted in the malfunction causing plaintiff's injuries.

27. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits.

28. Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, accordingly are strictly liable in tort to plaintiff for product liability.

### FOURTH CAUSE OF ACTION

29. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

30. In connection with the sale of the subject machine and/or its components, Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, failed to provide adequate and proper warnings and/or instructions concerning proper and safe use thereof, and thereby caused plaintiff's injury.

31. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits.

32. Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, accordingly are strictly liable in tort to plaintiff for product liability.

### **FIFTH CAUSE OF ACTION**

33. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

34. Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, owed a duty of reasonable care to end users of the machine and its components not to manufacture and/or sell products that were defective in manufacture and/or design, and to ensure that such users were supplied with adequate and proper warnings and/or instructions concerning proper and safe use of such equipment.

35. Said defendants breached such duties, proximately resulting in plaintiff's injury.

36. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits.

37. Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, accordingly are strictly liable to plaintiff for negligence.

## SIXTH CAUSE OF ACTION

38. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

39. By manufacturing and/or selling defective equipment as aforedescribed, Defendants Racine and Honeywell breached all applicable warranties express and implied, including but not limited to those imposed by Article 2 of the Uniform Commercial Code, which breaches proximately resulted in plaintiff's injury.

40. By reason of the foregoing, plaintiff has been damaged in a sum in excess of jurisdictional limits.

41. Defendants Racine and Honeywell, as manufacturers and/or sellers of the subject machine and/or relevant components, accordingly are liable to plaintiff for breach of warranty.

## SEVENTH CAUSE OF ACTION

42. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if same were fully set forth herein.

43. Defendants' aforedescribed conduct and/or omissions were in all respects egregious, morally reprehensible, and of such a wanton nature as to imply a criminal indifference to civil obligations.

44. Plaintiff is accordingly entitled to punitive damages.

WHEREFORE, plaintiff demands judgment against the defendants and in his favor (1) on the first six causes of action, in an amount in excess of the jurisdictional limits, and (2) on the seventh cause of action, in an amount to be determined by the Court, together with interest and the costs and disbursements of this action and such other and further relief as the Court deems just, proper and equitable.

Dated: Tenafly, New Jersey
      August 10, 2007

*[signature]*

**MICHAEL P. BARNES (MB8963)**
32 Washington Street, 2nd Floor
Tenafly, New Jersey 07670
(201) 541-8740
Attorney for Plaintiff