NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY ALMANZAR, | Civil Action No.: 07-4002 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| C&C METAL PRODUCTS, INC., et al, | |
| Defendants. | |

**LINARES,** District Judge.

This matter comes before the Court on Defendant C & C Metal Products, Inc.'s ("C & C) motion for summary judgment as to punitive damages. The Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion for summary judgment as to punitive damages is denied.

**I.   BACKGROUND**

The facts of this case are more fully detailed in this Court's March 31, 2010 Opinion. Only those facts relevant to the present motion are included here.

The present matter arises out of an April 10, 2006 workplace accident in which Sandy Almanzar injured his hand while employed by C & C. Plaintiff claims that at the time of his accident, a die casting machine that he was operating cycled when it should not have. Plaintiff alleges that the danger of this malfunction was known to C & C due to prior accidents and prior OSHA violations which caused C & C to know, with substantial certainty, that harm would result

to an employee.  Count One of Plaintiff's complaint alleges a variety of conduct against C & C which he asserts was "so egregious as to amount to intentional tort."  He alleges failure to provide a safe place to work; failing to insure the machine had adequate protection for the operator; permitting unsafe conditions to exist; failing to take necessary steps to protect plaintiff in light of the machine's past history; allowing the use of a faulty machine; failing to provide protective devices to protect plaintiff, with said failure being an OSHA violation.  Count one also claims that C & C acted egregiously in "employing agents and servants who were incompetent, unskillful, and unable to train employees such as Plaintiff with regard to usage of their machinery."  Complaint ("Compl.") ¶ 15.  Count Seven of Plaintiff's complaint seeks punitive damages against all defendants based upon the aforesaid alleged conduct.

In its March 31, 2010 Opinion, this Court denied C & C's prior motion for summary judgment.  This Court held, under the applicable summary judgment standard, that questions of material fact precluded summary judgment on Plaintiff's claims.  Specifically:

> the Court [found] that a reasonable jury could find that the safety devices were rendered essentially ineffectual by C & C's training and instructions to its employees and, that, through prior OSHA citations and prior accidents, C & C knew of the dangerous condition and seriousness of potential injury created when an employee was required to insert his hand into the die casting are without the machine being appropriately shut down . . .[or] that the accident was caused by C & C's systematic disregard of OSHA safety regulations."

 Op. at 15.  Additionally, "the evidence of prior accidents, most importantly an almost identical accident on the same machine, could support a finding that C & C knew that injury was substantially certain to occur."  Op. at 14.

Defendant now brings this motion for summary judgment as to punitive damages only, and for the purpose of this motion accepts all the allegations contained in "Plaintiff's assertions

beyond the pleadings in this matter" and the deposition and written discovery that has previously been provided to the Court on C & C's previous motion for summary judgment. Defendant's Brief in Support of its Motion for Summary Judgment as to Punitive Damages Only ("Def. Brief") ¶ 6.

## II.     LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party. To present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex. rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inference drawn from the in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbit, 63 F.3d 231, 236 (3d Cir. 1995).

## III.    DISCUSSION

The issue for determination by this Court is whether in a claim by an employee against his employer under the limited exception to the workers compensation bar as articulated in Laidlow v. Hariton Machinery Company, Inc., 790 A.2d 884 (N.J. 2002), a denial of Defendant's motion for summary judgment under the Laidlow standard establishes a *prima facie* entitlement

to punitive damages under N.J.S.A. 2A:15-5.10 (the "Statute").

In <u>Laidlow v. Hariton Machinery Company, Inc.</u>, the New Jersey Supreme Court reiterated that "when an employee sues an employer for an intentional tort and the employer moves for summary judgment based on the Workers' Compensation bar, the trial court must make two separate inquiries:" (1) "whether, when viewed in a light most favorable to the employee, the evidence could lead a jury to conclude that the employer acted with knowledge that it was substantially certain that a worker would suffer injury,"–the conduct prong, and (2) "whether, if the employee's allegations are proved, they constitute a simple fact of industrial life or are outside the purview of the conditions the Legislature could have intended to immunize under the Workers' Compensation bar"–the context prong. 790 A.2d 884, 898 (N.J. 2002). "Resolving whether the context prong is met is solely a judicial function." <u>Id.</u> But, where there are disputed issues of fact regarding the employer's conduct, determining whether such conduct meets the *substantial certainty* standard may present a jury question. <u>Id.</u> (emphasis added).

Plaintiff claims that Defendant misconstrues his argument. Plaintiff does not argue that the proofs required in a <u>Laidlow</u> claim de facto establish the requisite conduct entitling him to punitive damages, "if by proofs [Defendant] means the quantum of evidence applicable to each claim." Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment as to Punitive Damages Only ("Pl. Brief") at 6. In fact, Plaintiff concedes that <u>Laidlow's</u> showing of 'substantial certainty' need only be by a preponderance, whereas entitlement to punitive damages must be proven at trial by clear and convincing evidence. <u>Id.</u> at 6-7. Instead, Plaintiff argues that the level of culpability implied by a 'substantial certainty' of injury encompasses the degree of culpability inherent in 'a willful and wanton disregard' of injury, as is required to award punitive

damages. Id. As such, because this Court has already determined that a jury could determine that C & C was 'substantially certain' that injury could occur; it logically follows that a jury could also determine that C & C exhibited a 'willful and wanton' disregard of Plaintiff's safety. This Court agrees with Plaintiff's contention.

Case law supports the contention that 'substantial certainty' connotes, at the very least, the same degree, if not more, culpability than 'willful and wanton disregard'. Both Laidlow and Millison v. E.I. DuPont de Nemours & Co., seem to explicitly conflate the two standards writing, "[i]n adopting a 'substantial certainty' standard, we acknowledged that every undertaking, particularly certain business judgments involve some risk, but that willful employer misconduct was not meant to go undeterred." Laidlow, 170 N.J. at 614, quoting Millison 101 N.J. 161, 178 (1985) (emphasis in original). Additionally, Plaintiff notes that Defendant practically conceded this argument in its first motion for summary judgment, in which it argued that under the Laidlow standard, "[i]t must be shown that a virtual certainty of injury existed in the workplace, and [the employer] nonetheless purposely disregarded it." Brief in Support of Motion for Summary Judgment dated December 1, 2009, at 10 (emphasis added). Defendant again conceded this argument when it quoted Kane v. U-Haul Int'l Inc., 215 Fed. Appx. 163, 167 (3d Cir. 2007) saying that willful and wanton conduct requires an intentional failure "to discharge some duty which produced the injurious result.;" and then later in that same motion, described the level of culpability warranted for punitive damages as "consciously and deliberately" conducting some wrongful act or omission.

Clearly, other Courts as well as the instant parties have repeatedly interpreted both standards to require at least the same level of culpability. In accordance with the summary

judgment standard, it logically follows that, if a jury could determine that C & C knew that injury was 'substantially certain' to occur, as this Court has already found, the same jury could also determine that C & C acted with a willful and wanton disregard for Plaintiff's safety. As questions of material fact remain as to whether Defendant's conduct rises to the level required to award punitive damages, this Court must deny its motion.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment as to punitive damages only is denied. An appropriate order accompanies this opinion.

DATED: February 23, 2011

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE